IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **RANDY D. MITCHELL,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:99-cv-80 (HL) |
| **GERALDINE MILLER,** | : | |
| **JAMES C. GRANT,** | : | |
| and **BROWN L. KEYS, Jr.,** | : | |
| Defendants. | : | |

## ORDER

Before the Court is a "Motion to Vacate Judgment" (Doc. 13) pursuant to Federal Rule of Civil Procedure Rule 60(b) filed by Petitioner Randy D. Mitchell ("Mitchell"). For the reasons below, the Motion is denied.

**I.  FACTS AND PROCEDURAL HISTORY**

On June 15, 1999, Mitchell filed a pro se complaint under 42 U.S.C. § 1983 (Doc. 3). In that Complaint, Mitchell sought damages and injunctive relief for his alleged refusal to sweep the floor in his prison dorm, work duty for which he argued he was not responsible. This alleged refusal led to Mitchell's receipt of a disciplinary report and his being sentenced to thirty days of extra duty work probated for sixty days. Mitchell argued that this sentence violated his First and Fourteenth Amendment constitutional rights, as well as his rights under the Religious

1

Freedom Restoration Act ("RFRA").[1] The United States Magistrate Judge who examined Mitchell's Complaint issued a Recommendation (Doc. 5) that it be dismissed, and on February 8, 2000, after considering Mitchell's Objections (Doc. 6), the Court adopted the Recommendation (Doc. 7).

Mitchell filed a Notice of Appeal (Doc. 9), but before the United States Court of Appeals for the Eleventh Circuit had a chance to examine the substance of the matter, Mitchell filed a Motion for Voluntary Dismissal. As a result, the Eleventh Circuit filed an Entry of Dismissal (Doc. 11) on May 9, 2000. Nearly seven years later, on February 5, 2007, Mitchell filed the present Motion (Doc. 13).

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 60(b): Standard

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

---

[1] Mitchell also argued in his Complaint that he suffered insomnia as a result of his receiving the disciplinary report, but that Deputy Warden Brown L. Keyes overruled his doctor's prescription of one cup of coffee at bedtime for a two week period. The United States Magistrate Judge found a need for a cup of coffee at bedtime for two weeks did not constitute a serious medical need for the purposes of an claim under the Eighth Amendment and recommended that this portion of his Complaint be dismissed as frivolous. Mitchell does not challenge that finding in his present Rule 60(b) Motion. Therefore, the Court will not revisit it.

"Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Indeed, in order to prevail under Rule 60(b)(6), a petitioner "must do more than show that a grant of [his] motion might have been warranted . . . . [he] must demonstrate a justification for relief so compelling that the district court [i]s *required* to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996). Accordingly, motions under Rule 60(b) are directed to the sound discretion of the district court. See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

B.  **Federal Rule of Civil Procedure 60(b): Application**

Mitchell has made no showing of exceptional circumstances to justify relief under Rule 60(b)(6).[2] He argues that the Supreme Court's decision in Muhammad v. Close, 540 U.S. 749 (2004), illustrated the error of this Court's dismissal of his § 1983 claim as barred by Heck v. Humphrey, 512 U.S. 477 (1994). However, the Eleventh Circuit has established that "something more than a 'mere' change in the law is necessary to provide the grounds for Rule

---

[2] Mitchell did not file his Motion specifically pursuant to Rule 60(b)(6), but simply referenced Rule 60(b) in general. It is clear, however, that subsection 6 is the only one that could possibly be applicable. Motions made pursuant to Rules 60(b)(1)-(3) must be brought within one year of the judgment, and Mitchell's Motion well exceeds that deadline. In addition, there were no allegations or evidence of excusable neglect, newly discovered evidence, or fraud. Similarly, there is no indication that the judgment is void, satisfied, released or discharged, so Rules 60(b)(4)-(5) are inapplicable.

3

60(b)(6) relief." Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir. 1987).[3] "In addition to citing a change in the law, a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (citation and quotation omitted). Mitchell has done no more than argue that Muhammad clarified that the habeas exhaustion requirement of Heck does not apply to a prisoner's § 1983 action that seeks damages but does not seek to expunge the underlying misconduct charge. Mitchell has made no effort to persuade the Court that the circumstances in his case are sufficiently extraordinary to warrant relief, nor is the Court so persuaded.[4] Thus, even if Muhammad does constitute a change in decisional law applicable to Mitchell's case, Mitchell has not made a sufficient showing to secure Rule 60(b)(6) relief. Accordingly, Mitchell's Motion is denied.

## III. CONCLUSION

The Court finds Mitchell is not entitled to relief under Rule 60(b). For the foregoing

---

[3] The Supreme Court has explained that a mere change in the law does not necessarily satisfy the "extraordinary circumstances" requirement of Rule 60(b)(6), especially when a district court's interpretation of law was correct under then-prevailing understanding. "It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme Court] arrived at a different interpretation." Gonzalez v. Crosby, 545 U.S. 524, 536 (2005).

[4] At least two other factors confirm Muhammad was not an extraordinary circumstance justifying relief from the judgment in Mitchell's case. First, Mitchell freely and voluntarily abandoned the appeal he filed in his case, showing a distinct lack of diligence. Second, Mitchell waited until almost three years had passed after the Supreme Court issued Muhammad before filing his Rule 60(b)(6) Motion. This lengthy delay certainly does not support an argument that Mitchell's circumstances are extraordinary.

4

reasons, Mitchell's Motion (Doc. 13) is dismissed.

**SO ORDERED**, this the 19th day of April, 2007.

*s/ Hugh Lawson*<br>**HUGH LAWSON, JUDGE**

pdl